**CHESAPEAKE & OHIO RAILWAY COMPANY, Appellant,**

v.

**Lena HALL et al., Appellees.**

Court of Appeals of Kentucky.

June 2, 1961.

Gray & Woods, Ashland, Clark Pratt, Hindman, for appellant.

Cordell H. Martin, Hindman, D. G. Boleyn, Hazard, for appellees.

STANLEY, Commissioner.

The appellant, Chesapeake & Ohio Railway Company, filed this action against S. R. Hall and wife, Lena, to recover possession of a small strip of land and to require the defendants to remove fences and buildings erected thereon. The plaintiff set up its record title, acquired in 1947 and 1948 by deeds from Alec Hall and Will Hall. The defendants traversed the allegations of title and asserted a counterclaim, resting their rights upon a deed from Clifton Hall dated July 1, 1952, and the contention that the parcels claimed by the plaintiff had not been included in the deeds to its grantors. The defendants asked a dismissal of the complaint and a quieting of their title. While the case was pending, S. R. Hall died, and it was revived against his heirs.

The court adjudged that the plaintiff did not have title to the parcel claimed because it had been omitted from deeds of its grantors' predecessor, their father, Hawk Hall, and dismissed the complaint. The counterclaim was also dismissed. The railroad company brings an appeal.

In 1933 Hawk Hall owned a large boundary of land on the headwaters of Isaac's Fork of Beaver Creek in Knott County. He divided his lands and conveyed different parcels to his several children, including his sons, Alec, Losson and Will Hall. Later, Alec acquired Losson's tract, or at least that part of it involved in this controversy. In 1947 the appellant began acquiring rights of way for a railroad to be constructed up the valley. It obtained deeds from Alec Hall and Will Hall with the descriptions particularly described by metes and bounds and by reference to certain recorded plats according to surveys of the railroad company. These deeds unquestionably embraced the parcels in controversy. A high and broad fill was made upon them. The State built a highway nearby; and the old county road was obliterated. Thereafter, the defendants began fencing a part of this right of way and building houses on it, notwithstanding positive and persistent notice by the railroad company that they were trespassing.

Alec Hall had a deed to the controversial property from his brother Clifton, and he, in turn, a deed from his mother, Aggie Hall, widow of Hawk Hall, who died about the time the railroad was built. He had executed a certain deed to his wife on August 19, 1936, but it conveyed land in Letcher County and some timber in Knott County. During the course of the trial the defendants seem to have abandoned their claim of title and relied upon tradition, more than any other evidence, that there was a space left between the descriptions in the several deeds of Hawk to his sons, Alec, Losson and Will, and that the disputed parcels were within this space, so that title thereto remained in Hawk's heirs. As stated above, the court adjudged the defendants and their predecessor, S. R. Hall, not to have had title to the disputed land.

The boundaries described in the prior conveyances are lacking in definiteness and particularity, but we doubt that there was any area not covered. But there is certainty of the inclusion of the controversial parcel in the railroad company's deeds and in the fact of its actual possession for four or five years before the defendants began to fence and take it over.

We think the case should be decided under a rule of law recently recited and applied in Marinaro v. Deskins, Ky., 344 S.W.2d 817. That rule is, in brief, that actual prior possession of property is enough to establish a legal possessory right

and is sufficient to maintain an action for trespass against an adverse claimant who has no title and who stands alone on his later possession. Several other cases to that effect are cited in the Marinaro opinion.

The judgment is reversed with directions to enter judgment for the plaintiff.